UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY COLLIER | No.  C 08-02582 VRW |
| Plaintiff, | Chief Judge Vaughn R. Walker |
| vs. | |
| WINDSOR FIRE PROTECTION DISTRICT BOARD OF DIRECTORS, IN ITS OFFICIAL CAPACITY; CHIEF OF THE WFPD RONALD COLLIER, IN HIS OFFICIAL CAPACITY; BATALLION CHIEF MATT GUSTAFSON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; BATTALLION CHIEF JOE GIORDANI, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)] |
| And DOES 1-25, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss filed on September 2, 2008, by defendants Windsor Fire Protection District Board of Directors, Ronald Collier, Matt Gustafson, and Joe Giordani ("defendants").  After careful consideration of the materials submitted by the parties and the case file, defendants' motion is **GRANTED** for the reasons indicated below.

## II. DISCUSSION

### A. LEGAL STANDARD:  MOTION TO DISMISS 12(b)(6)

A motion to dismiss tests the legal sufficiency of a complaint.  *Conley v. Gibson,*

355 U.S. 41 45-46 (1975). Legal insufficiency is established where the claim is not recognized in law or is not supported by sufficient facts. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

## B. ANALYSIS

In this case, plaintiff Troy Collier filed a First Amended Complaint ("FAC") on June 30, 2008. The FAC alleged twelve causes of action purportedly related to the termination of plaintiff's job as a captain for the Windsor Fire Protection District ("Windsor FPD"). The FAC establishes that disciplinary proceedings followed a drunken altercation between plaintiff and a fellow fire captain on February 24, 2007. [FAC ¶¶ 1, 68- 76, 114-117, and Exhibit 4.] Plaintiff received a *Skelly* hearing on March 22, 2007. [FAC ¶ 123.] Plaintiff submitted evidence and argument at the *Skelly* hearing. [FAC ¶¶ 126-128.]

Following the *Skelly* hearing, Windsor FPD terminated plaintiff. [FAC ¶ 140.] Plaintiff challenged his termination including this alleged deprivation of his due process through two of the four steps of Windsor FPD's internal grievance procedures set forth in the Memorandum of Understanding ("MOU") entered into between Windsor FPD and the Windsor Professional Firefighters Association/IAFF Union Local 4407. [FAC ¶¶ 4, 151- 153, 178, 191; Exhibit 6, pages 6-7 & Exhibit 1.] The grievance procedure included a direct appeal to the Windsor FPD Board of Directors and a non-binding arbitration hearing before a jointly selected neutral arbitrator. [FAC ¶¶ 27, 153 & 157.] The arbitration

**Order Granting Defendants' Motion to Dismiss [FRCP 12(b)(6)]**

arbitration involved briefing of issues and two days of evidence. [Complaint ¶ 26, 28, & 157.] Plaintiff was represented by legal counsel. [Complaint ¶ 163.] Plaintiff argued that his termination was invalid because, among other reasons, his *Skelly* hearing did not afford him the opportunity to contest all the reasons for his termination. [Complaint Exhibit 6.]

Plaintiff's First Cause of Action purports to state a claim for alleged deprivation of Due Process under 42 U.S.C. 1983. This claim fails because the FAC establishes that plaintiff received all the process he was due. The Due Process Clause of the Fifth and Fourteenth Amendments do not protect against the deprivation of a property interest; they only require that constitutionally adequate procedural safeguards are in place before such deprivation occurs. [*Matthews v. Eldridge,* 424 U.S. 319, (1976).] The process due involves a balancing of the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination. [*Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542-543 (1985).] Notice and the opportunity to be heard are the hallmarks of adequate procedure. [*Loudermill, supra, at 542.*] Plaintiff admits that he had a *Skelly* hearing followed by two appellate procedures available to him under his MOU. The FAC establishes that, as a matter of law, plaintiff received due process.

Plaintiff's Second Cause of Action purports to allege a violation of his substantive due process rights. The predicate to a viable substantive due process claim is the infringement of a fundamental right that cannot be abridged absent a compelling state

**Order Granting Defendants' Motion to Dismiss [FRCP 12(b)(6)]**

interest, or conscience shocking governmental action that is unjustifiable by government interests.  [*Chavez v. Martinez* 538 U.S. 760, 774-776 (2003); *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).]  Neither predicate is established by the FAC.

The right to continued public employment is not a fundamental right; it is a right that is only protected against deprivation by procedural Due Process.  It is also apparent from the FAC that plaintiff's termination does not involve "conscience-shocking" conduct.  Conscience-shocking government conduct generally must involve physical or psychological abuse.  *See, e.g., Rochin v. Calfornia* 342 U.S. 165 (1953) (stomach pumped to obtain evidence forcing self-incrimination); *and, Cooper v. Dupnik* 963 F.2d 1220, 1229 (9th Cir. 1992)(*en banc*)(psychological interrogation techniques).  Plaintiff was terminated after notice and the opportunity to be heard.  Consequently, plaintiff's Second Cause of Action fails to state a claim.

For similar reasons, plaintiff's Third Cause of Action cannot state a claim for substantive due process.  The FAC alleges that inadequate training and supervision of the hearing officers deprived plaintiff of substantive due process.  However, substantive due process applies to fundamental which must be "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg quoting from Moore v. East Cleveland* 431 U.S. 494, 502 (1977) (plurality opinion) *and Palko* v. *Connecticut*, 302 U.S. 319, 325-326 (1937).  The Third Cause of Action does not involve fundamental rights.

**Order Granting Defendants' Motion to Dismiss [FRCP 12(b)(6)]**
-4-

Plaintiff's Fourth Cause of Action purports to state a claim under 42 U.S.C. 1983 that plaintiff's termination deprived him of free speech because plaintiff had been involved in union negotiations approximately three years before his termination. The FAC includes hundreds of allegations, and numerous exhibits, none of which show any nexus between plaintiff's union activities in 2004 and the fight and subsequent termination in 2007. This apparent lack of causal connection is fatal to the Fourth Cause of Action because a nexus between protected speech and termination is a necessary element. *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274 (1977).

Plaintiff's Fifth Cause of Action alleges that his termination has deprived him his protected liberty interest of being a firefighter. Because this liberty interest is not a fundamental right but rather an economic interest, it is only protected by a rational basis test. *Ferm v. U.S. Trustee*, 194 F.3d 954, 961 (9th Cir. 1999). The complaint and exhibits relied upon by plaintiff easily meet the rational basis standard as faced termination after physical altercations and received due process.

Plaintiff's Sixth Cause of Action purports to state a due process violation under Article I Section 7 of the California Constitution. As a matter of law, plaintiff cannot seek tort damages for this alleged violation. *Katzberg v. Regents of University of California*, 29 Cal.4th 300 (2002).

Plaintiff's Seventh Cause of Action purports to state a claim that his termination violated his right to free speech under Article 1 § 2 of the California Constitution. This claim is not recognized under California law. *Degrassi v. Cook*, 29 Cal.4th 333 (2002).

Plaintiff's Eighth Cause of Action seeks tort damages for an alleged violation of privacy rights. Under California law, he must establish: 1) a legally protected privacy interest, 2) a reasonable expectation of privacy; and, 3) a serious invasion of the privacy interest. *Hill v. N.C.A.A.*, 7 Cal.4[th] 1, 35-37 (1994). Plaintiff's complaint makes clear that he had no reasonable expectation of privacy in the events of February 24, 2007.

A reasonable expectation of privacy is "an objective entitlement founded on broadly and widely accepted community norms." [*Hill* at p. 37, *citing Restatement 2d Torts § 652D.*] Plaintiff's altercations in and out of the limousine were public acts. Plaintiff admits that the altercations occurred in the presence of several persons who were not employed by Windsor FPD. [FAC ¶¶ 51 & 90.] The altercations were investigated by the police. [FAC ¶¶ 88 – 112.] In addition to being a fire captain, plaintiff is the son of defendant Fire Chief Ron Collier. [FAC ¶ 13.] These factors, the public employment status (captain), familial relationship to the chief (son), and the public nature of the altercations, all made for public interest and newsworthiness in the small community of Windsor and defeat any reasonable expectation of privacy.

Plaintiff's Ninth Cause of Action for breach of the MOU is leveled against several defendants who are not the MOU. The terms of the MOU make clear that the parties are the Windsor Fire Protection District "EMPLOYER" on one hand, and the captains and engineer/firefighters "EMPLOYEES" on the other. [FAC ¶ 4, Exhibit 1 at p. 4.] This claim must be and therefore is hereby limited to defendant Windsor FPD Board of Directors.

Plaintiff's Tenth Cause of Action seeks damages sounding in tort for a claimed breach of the implied covenant of good fair dealing. [Complaint ¶ 294.] California law clearly provides that breach of the implied covenant actions based on employment contracts do not give rise to tort damages. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 699-700 (1988). In addition, because this claim does not add anything to plaintiff's breach of contract claim, it is not legally viable. *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 352 (2000).

Plaintiff's Eleventh Cause of Action purports to state a claim that he was terminated in violation of public policy. Under California law, the offended public policy must:

1. Be based on either a constitutional or statutory provision [*Green v. Ralee Eng. Co.*, 19 Cal.4th 66, 79 (1998)];

2. Inure to the benefit of the public [*Foley supra* at 669-670];

3. Be well established at the time of the discharge [*Foley supra* at 668]; and,

4. Be substantial and fundamental [*Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1090 (1992)].

In addition, California requires a causal nexus between the adverse employment action and the exercise of protected activity. *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1258-1259 (1994). The FAC fails to establish the violation of a public policy for reasons set forth above.

Plaintiff's Twelfth Cause of Action purports to state a claim for intentional infliction

**Order Granting Defendants' Motion to Dismiss [FRCP 12(b)(6)]**

-7-

infliction of emotional distress (IIED). This claim is barred by the exclusive remedy of the California Workers' Compensation System because the FAC establishes that plaintiff's termination is not the product of wrongful discrimination or in violation of public policy. *California Labor Code § 3602*; *Shoemaker v. Meyers*, 52 Cal.3d 1, 25 (1990); *Livitsanos v. Sup. Ct.*, 2 Cal.4th 744, 756 (1992).

The Court further finds even if the FAC had established a viable 42 U.S.C. 1983 claim, the individual defendants would have been immune from liability under doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In this connection, the alleged gravamen of the FAC hinge on alleged hypertechnical procedural defects which, even if righteous, do not approach violations of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at p. 818.

## III. CONCLUSION

Defendants Ronald Collier, Matt Gustafson, and Joe Giordani's Motion to Dismiss is **GRANTED**, and because amendment would be futile, all of plaintiff's claims against these defendants are dismissed with prejudice.

Defendant Windsor Fire Protection District Board of Directors' Motion to Dismiss is **GRANTED**, and because amendment would be futile, all of plaintiff's claims with the exception of the Ninth Cause of Action are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: _____          _____

United States District Court Judge

**Order Granting Defendants' Motion to Dismiss [FRCP 12(b)(6)]**